## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **GREEN TIDE, LLC D/B/A GT SKILL MACHINES** *Plaintiff* | § § § § § § § | |
| **v.** | § § | **CIV. A. NO. 3:26-cv-01005** |
| **THE CITY OF CLEBURNE, TEXAS, ROBERT SEVERANCE, individually, and ASHLEY D. DIERKER, individually** *Defendants* | § § § § § § § | **JURY TRIAL DEMANDED** |

### PLAINTIFF GREEN TIDE, LLC D/B/A GT SKILL MACHINES' ORIGINAL COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983 – PROCEDURAL DUE PROCESS

Plaintiff Green Tide, LLC d/b/a GT Skill Machines ("Plaintiff") files this Original Complaint against Defendants The City of Cleburne, Texas ("The City of Cleburne"), Robert Severance, individually ("Defendant Severance"), and Ashley D. Dierker, individually ("Defendant Dierker") (collectively "Defendants") for violations of 42 U.S.C. § 1983 and would respectfully show the Court the following:

### I.    PRELIMINARY STATEMENT

1.    Plaintiff brings this action for violations of its procedural due process rights under the Fourteenth Amendment to the United States Constitution based on Defendants' failure to provide Plaintiff with a hearing prior to depriving Plaintiff of its property interests.

2.    Plaintiff owns and operates certain skill-game machines in Texas, including in Cleburne. Without any opportunity for hearing, Defendant, The City of Cleburne, and Defendant Severance demanded that Plaintiff remove its machines from all locations in The City of Cleburne

by April 1, 2026, determining that they were illegal "gambling devices" under state law and city ordinance. Absent such removal, the Notice stated that The City of Cleburne would pursue civil and criminal penalties against Plaintiff. Plaintiff requested an opportunity to be heard on the matter only to be met with a letter from the Cleburne City Attorney, Defendant Dierker, rejecting Plaintiff's request and offering her own analysis of the law on "gambling devices" in Texas as it relates to Plaintiff's skill-game machines.

3.      Plaintiff was never given an opportunity to be heard on how its skill-game machines do not constitute "gambling devices" as defined by Chapter 47 of the Texas Penal Code. "The constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decisionmaking when it acts to deprive a person of his possessions." *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972).

4.      Plaintiff respectfully asks this Court to require Defendants to allow Plaintiff its constitutional right to be heard prior to being deprived of its significant property interests.

## II.    PARTIES

1.      Plaintiff Green Tide, LLC is a Pennsylvania limited liability company doing business in Texas as GT Skill Machines with its principal place of business in Texas located at 606 Seminole Trail, Murphy, Texas 75094.

2.      Defendant, The City of Cleburne, Texas ("Defendant") is a home-rule municipality organized under the laws of the State of Texas and may be served through its Mayor, Scott Cain, or City Manager, Michael Marrero, at City Hall, 301 W. Henderson Street, Cleburne, Texas 76033.

3.      Upon information and belief, Defendant Robert Severance is an individual residing at 1527 Bent Creek Drive, Cleburne, Texas 76033 who may be served with process at this address, at his place of business at 302 W. Henderson Street, Cleburne, TX 76033, or wherever he may be

found.

4.      Upon information and belief, Defendant Ashley D. Dierker is an individual residing at 2401 Warner Road, Fort Worth, Texas 76110 who may be served with process at this address, at her place of business at 6000 Western Place II, Suite 200, Fort Worth, Texas 76107, or wherever she may be found.

### III.    JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this action pursuant to 42 U.S.C. § 1983, which provides a federal cause of action for the deprivation of constitutional rights under color of state law.

6.      This Court has personal jurisdiction over Defendant The City of Cleburne because it is a home-rule municipality organized under the laws of the State of Texas, is located within the State of Texas and in this District, and the acts and omissions giving rise to Plaintiff's claims occurred within the State of Texas and in this District.

7.      This Court has personal jurisdiction over Defendant Severance as a citizen of Johnson County in the State of Texas and the acts and omissions giving rise to Plaintiff's claims against Defendant Severance occurred within the State of Texas and in this District.

8.      This Court has personal jurisdiction over Defendant Dierker as a citizen of Tarrant County in the State of Texas and the acts and omissions giving rise to Plaintiff's claims against Defendant Dierker occurred within the State of Texas and in this District.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) in that Defendants are located in and/or conduct business in this District and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claims occurred in this District.

## IV.    FACTUAL BACKGROUND

10.    Plaintiff owns and operates certain skill-game machines in Texas. Plaintiff's skill-game machines do not constitute "gambling devices" as defined by Chapter 47 of the Texas Penal Code, as the outcome of the game is solely determined by a player's skill. These games require players to exercise skills such as memory recall, hand-eye coordination, timing, and strategy when playing.

11.    On or around February 19, 2026, the Chief of Police for the City of Cleburne, Texas, Rob Severance, issued a notice to Plaintiff demanding that Plaintiff remove its skill-game machines from locations in Cleburne, Texas by April 1, 2026 alleging they are "gambling devices commonly referred to as 'eight-liners or 'quarter machines'…" (the "Notice"). The Notice threatened "civil penalties, injunctive relief, and/or criminal prosecution" if Plaintiff's machines were not removed by the April 1st deadline.

12.    The Notice did not provide any facts that support an investigation by the City of Cleburne Police Department of Plaintiff's skill-game machines to make a determination that Plaintiff's games are "gambling devices." Seemingly, Defendant The City of Cleburne and Defendant Severance simply labeled Plaintiff's skill-game machines as "gambling devices" without any analysis, evaluation, investigation, or hearing to make such a determination or to give Plaintiff an opportunity to be heard. This conduct is, at a minimum, a violation of Plaintiff's constitutional due process rights.

13.    Upon receipt of the Notice, Plaintiff contacted Ms. Ashley Dierker, the Cleburne City Attorney, requesting an opportunity to be heard regarding the legality of Plaintiff's skill-game machines. In response, on March 6, 2026, Ms. Dierker issued a formal letter again claiming Plaintiff's skill-game machines are "illegal gambling devices as that term is defined by Chapter 47

of the Texas Penal Code," with no response to Plaintiff's request for an opportunity to be heard on the matter.

14.    Defendants purport to have been implementing and/or executing city regulations stating that: "The City of Cleburne is a Texas home-rule municipality operating under Article XI, Section 5 of the Texas Constitution and Chapter 51 of the Texas Local Government Code. As such, the City possesses full police powers to regulate local businesses and activities unless expressly preempted by state law. In this case, no express statutory preemption prevents a home-rule municipality from regulating or restricting the placement of illegal gambling devices within its jurisdiction."

15.    These actions were taken by Defendant, The City of Cleburne through its Chief of Police – Defendant Severance - and Cleburne City Attorney - Defendant Dierker - in their official capacities as representatives of Defendant, The City of Cleburne, a home-rule municipality organized under Texas law.

16.    Further, Defendant Severance and Defendant Dierker are liable to Plaintiff in their individual capacities for their personal involvement in the violations of Plaintiff's constitutional right to due process. Officials who personally engage in conduct that violates constitutional rights face individual liability when they intentionally participate with knowledge that their conduct is illegal.

## V.    CAUSE OF ACTION

**Violation of 42 U.S.C.A. § 1983 – Procedural Due Process (Failure to Provide Hearing)**

17.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

18.    42 U.S.C. § 1983, provides that any person acting under color of state law who deprives any other person of rights secured by the United States Constitution shall be liable to the

injured party.

19.    "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). The Supreme Court "consistently has held that some form of hearing is required before an individual is finally deprived of a property interest." *Id.* at *902.

20.    Defendant The City of Cleburne has through the actions of its officers and City Attorney, under color of law, issued an official notice and formal demand letter purporting to enforce municipal and state law against Plaintiff's property interests in Cleburne, Texas.

21.    These actions were taken by Defendant The City of Cleburne's Chief of Police and City Attorney in their official capacities as representatives of the City of Cleburne, a home-rule municipality organized under Texas law. Defendant Severance and Defendant Dierker are also individually liable to Plaintiff for these constitutional violations as they were directly involved in and knowingly approved and participated in the deprivation of Plaintiff's due process rights. Defendant Severance and Defendant Dierker are not protected by any qualified immunity because any reasonable official would have known such denial of due process was unlawful.

22.    Defendants deprived Plaintiff of rights secured by the United States Constitution, specifically the right to procedural due process under the Fourteenth Amendment, by threatening to deprive Plaintiff of its property interests without providing notice ***and*** an opportunity for a hearing.

23.    Plaintiff has a protected property interest in its skill-game machines and has made a significant financial investment in the machines.

24.    Defendants failed to provide Plaintiff with an opportunity for a hearing before the

threatened removal of Plaintiff's property. No analysis, evaluation, investigation, or hearing was conducted prior to Defendants' determination and threatened civil and criminal enforcement actions against Plaintiff.

25.     Defendants denied Plaintiff the opportunity for a hearing in violation of clearly established constitutional law. Procedural due process requires some form of hearing before deprivation of a significant property interest.

26.     The actions of Defendants violate clearly established statutory and constitutional rights.

27.     As a direct and proximate result of Defendants' conduct, Plaintiff will suffer harm from deprivation of its property interests. Accordingly, Plaintiff seeks relief from this Court.

28.     Plaintiff is entitled to recover reasonable and necessary attorneys' fees, expenses, and costs under 42 U.S.C. § 1988 as a prevailing party on its § 1983 claim.

## VI.     PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court cite Defendants to appear and answer herein, and that upon a final hearing of this matter, the Court enter judgment in favor of Plaintiff and against Defendants and award to Plaintiff Green Tide, LLC d/b/a GT Skill Machines the following relief:

a.   An order finding that Defendant, The City of Cleburne, Texas, acting under color of state law, violated Plaintiff Green Tide, LLC d/b/a GT Skill Machines' rights to procedural due process under the Fourteenth Amendment to the United States Constitution by threatening to deprive Plaintiff of its property interests without providing notice and an opportunity for a hearing;

b.   An order finding that Defendant Severance, individually, violated Plaintiff Green Tide, LLC d/b/a GT Skill Machines' rights to procedural due process under the Fourteenth Amendment to the United States Constitution by threatening to deprive Plaintiff of its property interests without providing notice and an opportunity for a hearing;

c.   An order finding that Defendant Dierker, individually, violated Plaintiff Green

Tide, LLC d/b/a GT Skill Machines' rights to procedural due process under the Fourteenth Amendment to the United States Constitution by threatening to deprive Plaintiff of its property interests without providing notice and an opportunity for a hearing;

d.  A temporary restraining order preventing Defendants from taking any action to prevent, hinder, or interfere in any manner with Plaintiff Green Tide, LLC d/b/a GT Skill Machines' skill-game machines and property or pursuing of any enforcement remedies, whether civil or criminal, thereby preserving the status quo for fourteen (14) days or more as permitted by law;

e.  A preliminary and permanent injunction enjoining Defendants from taking any action to prevent, hinder, or interfere in any manner with Plaintiff Green Tide, LLC d/b/a GT Skill Machines' skill-game machines and property unless and until Plaintiff's skill-game machines are declared illegal by a court of competent jurisdiction, and require Defendants to provide Plaintiff with notice and an opportunity for a hearing before any deprivation of property;

f.  An award of reasonable and necessary attorneys' fees, expenses, and costs pursuant to 42 U.S.C. § 1988 to be paid to Plaintiff Green Tide, LLC d/b/a GT Skill Machines by Defendants;

g.  An award of prejudgment and post-judgment interest at the maximum rate allowed by law to be paid to Plaintiff Green Tide, LLC d/b/a GT Skill Machines by Defendants;

h.  An award of all costs of court incurred in prosecuting this action to be paid to Plaintiff Green Tide, LLC d/b/a GT Skill Machines by Defendants; and

i.  Any other and further relief to which Plaintiff Green Tide, LLC d/b/a GT Skill Machines may be entitled at law or in equity.

**DATED**: March 30, 2026                    Respectfully submitted,

By: _/s/ John T. Wilson_
        John T. Wilson
        State Bar No. 24008284
        Jennifer M. Rynell
        State Bar No. 24033025
        Leigh Caudle Whitaker
        State Bar No. 24094260
        Kayla B. Holderman
        State Bar No. 24137963
        **WILSON WHITAKER RYNELL**
        Wilson Legal Group P.C.
        16610 Dallas Parkway, Suite 1000

Dallas, Texas 75248
(T) 972.248.8080
(F) 972.248.8088
(E) eservice@wwrlegal.com

**ATTORNEYS FOR PLAINTIFF
GREEN TIDE, LLC D/B/A GT SKILL
MACHINES**