UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GREEN TIDE, LLC D/B/A/ GT SKILL §
MACHINES, §
§
    *Plaintiff,* §
§
v. §
§    Civil Action No. 3:26-CV-1005-X
§
CITY OF CLEBURNE, TEXAS, §
ROBERT SEVERANCE, individually, §
and ASHLEY D. DIERKER, §
individually, §
§
    *Defendants.* §

**MEMORANDUM OPINON AND ORDER**

Before the Court is Plaintiff Green Tide, LLC's (Green Tide) Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 2.) After due consideration, the Court **DENIES** the motion.

## I.    Background

Late in January, Defendant City of Cleburne (the City) adopted Ordinance number OR01-2026-04 (the Ordinance). The Ordinance amended the City's prohibition on gambling machines to include "amusement redemption machines" that operate by "chance or a combination of skill and chance."[1]

Under the Ordinance, the City may impose criminal penalties and civil court actions on operators of these machines as well as "other remedies, such as abatement of nuisances, injunctive relief, administrative adjudication, and revocation of licenses

---

[1] Doc. 12-1 at 2.

1

or permits."[2]

The City subsequently sent a notice signed by Defendant Robert Severance (Chief Severance) informing known operators that "eight-liners" or "quarter machines" are "illegal devices" and ordered the operators to "bring [their] business into compliance."[3]  The notice encouraged "voluntary removal" of the machines by April 1, 2026.[4]  If operators failed to do so, the notice indicated that "the City will pursue enforcement remedies for noncompliance, including civil penalties, injunctive relief, and/or criminal prosecution."[5]

Green Tide alleges that, after it received this notice, it's counsel contacted Defendant Ashley Dierker (Dierker), the City Attorney, and argued that the City misunderstood both its machines and certain state court rulings.  The City disagreed. Green Tide's counsel sought a thirty-day extension of the April 1 deadline.  With no extension in sight, Green Tide filed its complaint and this motion.

Green Tide asks the Court (1) to restrain the City, Chief Severance, and Dierker (Defendants) from seizing or interfering with its machines, (2) to require Defendants to provide notice and an opportunity for a hearing before taking its machines, and (3) to grant any other relief the Court deems just and proper.

## II.    Legal Standard

A temporary restraining order is "an extraordinary and drastic remedy, not to

---

[2] *Id.* at 3.

[3] Doc. 2-2 at 1.

[4] *Id.*

[5] *Id.*

be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion."[6] "The decision to grant [such relief] is to be treated as the exception rather than the rule."[7] Accordingly, "if a party fails to meet *any* of the four requirements, the court cannot grant the" motion.[8]

A court may grant a temporary restraining order only when the movant establishes:

> (1) [a] likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[9]

### III.   Analysis

Before considering the requested order, the Court must first confirm its jurisdiction.[10] Defendants argue that Green Tide lacks standing because "no actual deprivation of [Green Tide]'s property has occurred."[11] But that misunderstands Article III's injury-in-fact requirement.

The Supreme Court has held that plaintiffs satisfy the injury-in-fact requirement when they allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a

---

[6] *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). .

[7] *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. Dec. 1, 2000) (Fitzwater, J.) (cleaned up).

[8] *Speed v. Am.'s Wholesale Lender*, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (Lindsay, J.) (emphasis added).

[9] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

[10] *See Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first.").

[11] Doc. 12 at 4.

credible threat of prosecution thereunder."[12]  The threat of administrative action also "may give rise to harm sufficient to justify pre-enforcement review."[13]

Here, the Ordinance threatens criminal prosecution as well as "abatement of nuisances, injunctive relief, administrative adjudication, and revocation of licenses or permits."[14]  To be sure, there is no history of past enforcement here.  But the Ordinance is also new.  So the threats of prosecution, administrative adjudication, and abatement are sufficient to give rise to Article III standing.[15]

The Court now turns to the merits of Green Tide's request.  Green Tide fails to show a likelihood of success on the merits.  Accordingly, the Court must deny the motion.

The Due Process Clause protects persons "from the mistaken or unjustified deprivation of life, liberty, or property."[16]  "The root requirement of the Due Process Clause" is "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest."[17]

Here, Green Tide claims that the City threatened to impose "civil penalties, injunctive relief, and/or criminal prosecution" if it did not remove its machines by

---

[12] *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (cleaned up).

[13] *Id.* at 165.

[14] Doc. 12-1 at 3.

[15] *Susan B. Anthony List*, 573 U.S. at 166.

[16] *Carey v. Piphus*, 435 U.S. 247, 259 (1978).

[17] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (emphasis in original).

April 1.[18]  It has also expressed fear that the City will seize the machines.[19]

But every enforcement mechanism threatened by City or available to it under the Ordinance provides for a hearing before the deprivation of liberty or property.[20] Moreover, the City has represented that it will not take any enforcement action without a hearing.[21]  These safeguards satisfy the root requirement of the Due Process Clause.  So it is unlikely that Green Tide's claim succeeds on the merits.  And that is fatal to the motion.[22]

Accordingly, the Court **DENIES** the motion.

**IT IS SO ORDERED** this 27th day of April, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[18] Doc. 2 at 5.

[19] *Id.* at 11–12.

[20] *See* TEX. LOC. GOV'T CODE §§ 54.012(5), 54.017; TEX. CIV. PRAC. & REM. CODE §§ 125.0015(5), 125.043; TEX. CONST. art. I, § 10; TEX. CONST. art. V, § 15; TEX. CODE CRIM. PROC. §§ 59.01, 59.02.

[21] *See* Doc. 12 at 5–6.

[22] *Speed*, 2014 WL 4755485, at *1.