UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREEN TIDE, LLC D/B/A GT, SKILL MACHINES,<br><br>*Plaintiff*,<br><br>v.<br><br>THE CITY OF CLEBURNE, TEXAS, ROBERT SEVERANCE, Individually, and ASHLEY D. DIERKER, Individually,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-CV-01005-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants City of Cleburne, Robert Severance, and Ashley Dierker's (collectively, the "Defendants") motion for judgment on the pleadings. (Doc. 18). After reviewing the motion, briefing, and applicable law, the Court **GRANTS** Defendants' motion for judgment on the pleadings.

## I. Background

This case concerns alleged skill-game machines owned and operated by Green Tide in Cleburne, Texas. The City of Cleburne discovered Green Tide's machines and determined they were gambling devices prohibited by Chapter 47 of the Texas Penal Code and Cleburne city ordinance OR01-2026-04 (the Ordinance). On February 19, 2026, Cleburne Chief of Police Robert Severance notified Green Tide it needed to remove its machines from its Cleburne locations by April 1, 2026. The notice

threatened "civil penalties, injunctive relief, and/or criminal prosecution"[1] if Green Tide failed to remove the machines by the deadline.

In response to the letter, Green Tide contacted City Attorney Ashley Dierker requesting an opportunity to be heard regarding the legality of the machines. Dierker reiterated that Green Tide's machines violated Texas law and did not respond to Green Tide's hearing request. No hearing or enforcement has since occurred.

## II. Legal Standard

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3] "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[4] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

---

[1] Doc. 1 at 4.

[2] FED. R. CIV. P. 8(a)(2).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (cleaned up).

[5] *Iqbal*, 556 U.S. at 678 (cleaned up).

[6] *Id.* (cleaned up).

For purposes of a motion to dismiss, courts must accept all well-pled facts as true and construe the complaint in the light most favorable to the plaintiff.[7] "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[8]

## III. Analysis

Defendants assert that Green Tide has failed to allege sufficient facts to (1) establish a procedural due process violation, (2) state a *Monell* claim against the City of Cleburne, or (3) overcome qualified immunity for Chief of Police Severance and City Attorney Dierker, and attorney immunity for Dierker.[9] The Court agrees that Green Tide failed to establish a procedural due process violation.

The existence of a constitutional violation is a "threshold" requirement in any section 1983 claim.[10] Mere threats of enforcement are not constitutional violations.[11] Constitutional violations occur upon a final deprivation of a Fourteenth Amendment interest.[12]

---

[7] *See Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

[8] *Ramming v. United States*, 281 F.3d 158, 161–62 (5th Cir. 2001) (cleaned up).

[9] *See* Doc. 1 at 3.

[10] *See Peterson v. City of Ft. Wor.*, 588 F.3d 838, 844 (5th Cir. 2009). Green Tide failed to plead the threshold issue of a constitutional violation, so the Court need not reach Green Tide's municipal and individual liability claims.

[11] *Lamar v. Steele*, 698 F.2d 1286, 1286 (5th Cir. 1983) ("Threats alone are not enough. A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation.").

[12] *Hampton Co. Nat'l Sur., LLC v. Tunica Cnty., Miss.*, 543 F.3d 221, 224 (5th Cir. 2008) ("When a property interest is taken, some form of hearing is required before a final deprivation of the interest." (cleaned up)).

The Due Process Clause protects persons "from the mistaken or unjustified deprivation of life, liberty, or property."[13] A plaintiff asserting a due process violation "must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest."[14] "The root requirement of the Due Process Clause" is "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest."[15] "If the right to notice and a hearing is to serve its full purpose . . . it must be granted at a time when the deprivation can still be prevented."[16]

Green Tide alleges that Defendants violated its procedural due process rights by ignoring its request for a hearing.[17] But Defendants' decision to ignore Green Tide's hearing request is not a procedural due process violation because Defendants have not deprived Green Tide of any property interest it has in the machines.[18]

So far, Defendants have merely threatened enforcement.[19] Green Tide alleges that it has a property interest in the machines that it owns and that Defendants *threatened* that property interest by issuing a notice that Green Tide might face "civil penalties, injunctive relief, and/or criminal prosecution" if it failed to comply.[20] But

---

[13] *Carey v. Piphus*, 435 U.S. 247, 259 (1978).

[14] *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995).

[15] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (emphasis in original).

[16] *Fuentes v. Shevin*, 407 U.S. 67, 81 (1972).

[17] Doc. 1 at 4.

[18] The Court need not reach the issue of whether Green Tide has a property interest in the alleged skill-based machines because Green Tide has not alleged a constitutional violation regardless.

[19] *See Lamar*, 698 F.2d at 1286 ("Threats alone are not enough. A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation.").

[20] *See* Docs. 1 at 4, 6–7; 21 at 3 (describing Defendants' actions as threats).

even assuming Green Tide has a valid property interest, no final deprivation of that interest has occurred that would constitute a due process violation.[21] So any action the Court takes now would be premature to the extent Green Tide has a valid property interest.

Accordingly, because Defendants have not enforced the notice or deprived Green Tide of its machines, Green Tide has not alleged a constitutional violation.[22] So the Court **GRANTS** Defendants' motion for judgment on the pleadings.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion for judgment on the pleadings. Accordingly, this case is dismissed in its entirety. *Cha-ching!*

**IT IS SO ORDERED** this 14th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[21] *Cf. Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 226 (5th Cir. 2012) (holding a plaintiff suffered a due process violation where a city revoked a plaintiff's business license without a hearing).

[22] *Cf. Bowlby*, 681 F.3d at 226 (holding a plaintiff suffered a due process violation where a city revoked a plaintiff's business license without a hearing).